IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                    Case No. 08-10106-JTM

CARLOS VASQUEZ,

    Defendant/Petitioner.

MEMORANDUM AND ORDER

Petitioner, Carlos Vasquez's, Motion to Depose David Leon (Dkt. No. 756) and Motion for Leave to Expand the Record (Dkt. No. 764) are before the court. For the following reasons, the court grants the motions.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, pursuant to Habeas Corpus Rule 6(a), "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." RULES GOVERNING SECTION 2255 PROCEEDINGS 6(a) (2010). To show good cause under 6(a), a petitioner must provide specific allegations that give the court reason to believe the petitioner may—if the facts are more fully developed—be able to prove he is entitled to relief. *United States v. Verdin-Garcia*, Nos. 05-20017, 09-2492, 2010 WL 1643737, at *12 (D. Kan. Apr. 20, 2010). "'Mere speculation' of some exculpatory material is 'unlikely to

1

establish good cause for a discovery request on collateral review.'" *Id.* at *12 (quoting *Strickler v. Greene*, 527 U.S. 263, 286 (1999)).

The crucial issue in this matter revolves around what David Leon told petitioner before he entered the guilty plea. In light of the Supreme Court's decision in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), petitioner has a need to learn the specific statements made to him as well as any other statements made by Mr. Leon pertaining to the § 2255 motion. Petitioner's need to develop fully that testimony prior to the hearing provides good cause for the deposition. Therefore, given the nature of petitioner's challenge, and the *Padilla* decision, the court finds good cause to authorize the deposition of Mr. Leon notwithstanding Mr. Leon's previously submitted affidavit.

The Habeas Corpus Rules also allow a party to expand the record by submitting additional materials relating to the motion. RULES GOVERNING SECTION 2255 PROCEEDINGS 7 (2010). Rule 7(b) specifically provides that "[a]ffidavits also may be submitted and considered as part of the record." *Id.* at 7(b). The only requirement is that the opposing party have an opportunity to admit or deny the correctness of the additional materials submitted. *Id.* at 7(c). Here, petitioner submitted an affidavit attached to his Motion for Leave to Expand the Record. The government has had an opportunity to admit or deny the correctness of the statements made in the affidavit and will further have that ability in the evidentiary hearing scheduled for April 25, 2011, at 9:30 a.m. Thus, the court grants petitioner's Motion for Leave to Expand the Record (Dkt. No. 764).

IT IS ACCORDINGLY ORDERED this 14th day of April 2011, that petitioner's Motion for Leave to Depose David Leon (Dkt. No. 756) and Motion for Leave to Expand the Record (Dkt. No. 764) are granted. Petitioner may depose Mr. Leon at any time prior to the April 25, 2011, hearing. Such deposition shall be limited to two hours and shall encompass only Mr. Leon's representation

of Mr. Vasquez prior to and after the plea agreement.

IT IS SO ORDERED this 14th day of April, 2011.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE